# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| JANET FLORENCE, | * | No. 15-255V |
| | * | Special Master Christian J. Moran |
| Petitioner | * | |
| | * | |
| v. | * | Filed: April 21, 2016 |
| | * | |
| SECRETARY OF HEALTH | * | Damages; decision based on proffer; |
| AND HUMAN SERVICES, | * | influenza ("flu") vaccination; |
| | * | lymphedema. |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

Lawrence R. Cohan, Anapol Weiss, Philadelphia, PA, for Petitioner;
Heather L. Pearlman, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING DAMAGES[1]

On March 12, 2015, Janet Florence filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the influenza vaccination caused her to suffer lymphedema. On May 28, 2015, the undersigned ruled, based upon respondent's concession, see Respondent's Report, filed May 19, 2015, that petitioners are entitled to compensation under the Vaccine Act.

On April 21, 2016, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

1.   **A lump sum payment of $258,381.93, in the form of a check payable to petitioner, Janet Florence. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth below in paragraph 2; and**

2.   **An amount sufficient to purchase an annuity contract as described in section II. B. of the Proffer.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 15-255V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JANET FLORENCE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND HUMAN ) <br> SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 15-255V <br> Special Master Moran <br> ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

    A.    Life Care Items

Respondent engaged life care planner M. Virginia Walton, RN, MSN, FNP, CNLCP, and petitioner engaged Roberta Hurley, Hurley Consulting, to provide an estimation of Janet Florence's future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed on May 19, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Janet Florence, attached hereto as Tab A.[1] Respondent proffers that Janet Florence should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.     Lost Earnings

The parties agree that based upon the evidence of record, Janet Florence has not suffered a past loss of earnings and will not suffer a loss of earnings in the future. Therefore, respondent proffers that Janet Florence should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.     Pain and Suffering

Respondent proffers that Janet Florence should be awarded $200,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.     Past Unreimbursable Expenses

Petitioner represents that she has not incurred past unreimbursable expenses related to her vaccine-related injury.

E.     Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her for her vaccine-related injury.

## II.    Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A. A lump sum payment of $258,381.93, representing compensation for life care expenses expected to be incurred during the first year after judgment ($58,381.93) and pain and suffering ($200,000.00), in the form of a check payable to petitioner, Janet Florence.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Janet Florence, only so long as she is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

    1.    <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Janet Florence, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Janet Florence's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Janet Florence:    **$258,381.93**
    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

    Respectfully submitted,

    BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General

    RUPA BHATTACHARYYA
    Director
    Torts Branch, Civil Division

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

          VINCENT J. MATANOSKI
          Deputy Director
          Torts Branch, Civil Division

          ALTHEA W. DAVIS
          Senior Trial Counsel
          Torts Branch, Civil Division

          <u>s/ Heather L. Pearlman</u>
          HEATHER L. PEARLMAN
          Senior Trial Attorney
          Torts Branch, Civil Division
          U.S. Department of Justice
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C.  20044-0146
          Telephone: (202) 353-2699

Dated: April 21, 2016

-5-

**Appendix A:  Items of Compensation for Janet Florence**  Page 1 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
| Medicare Part B Ded. | 5% | | | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 |
| Medigap G Premium | 5% | | M | 1,641.00 | 1,705.08 | 1,771.80 | 1,841.16 | 1,909.20 | 1,986.00 | 2,064.72 | 2,144.04 | 2,223.96 |
| Antibiotic | 5% | | M | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Internist | 5% | * | | | | | | | | | | |
| Oncol./ Hematologist | 5% | * | | | | | | | | | | |
| Dermatology | 5% | * | | | | | | | | | | |
| PT | 4% | | M | 16,318.00 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 |
| Pulley System | 4% | | | 50.39 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 |
| Lymphedema Pump | 4% | | | 2,500.00 | | | 2,500.00 | | | 2,500.00 | | |
| Grab Bars | 4% | | | 37.90 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 |
| Arm Bike | 4% | | | 79.98 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 |
| Gloves | 4% | | | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 |
| Waterproof Sleeves | 4% | | | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 |
| Sleeves | 4% | | | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Gauntlet | 4% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Garmets | 4% | | | 373.00 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 |
| Home Care | 4% | | M | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 |
| Nat'l Lymph. Network | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Home Mods | 0% | | | 3,500.00 | | | | | | | | |
| Pain and Suffering | | | | 200,000.00 | | | | | | | | |
| Annual Totals | | | | 258,381.93 | 41,084.14 | 41,150.86 | 43,720.22 | 41,288.26 | 41,365.06 | 43,943.78 | 41,523.10 | 41,603.02 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($58,381.93) and pain and suffering ($200,000.00): $258,381.93.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

**Appendix A: Items of Compensation for Janet Florence**   Page 2 of 2

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 10 2025 | Compensation Year 11 2026 | Compensation Year 12 2027 | Compensation Year 13 2028 | Compensation Year 14 2029 | Compensation Year 15 2030 | Compensation Year 16 2031 | Compensation Years 17-Life 2032-Life |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Ded. | 5% | | | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 | 166.00 |
| Medigap G Premium | 5% | | M | 2,300.28 | 2,397.12 | 2,480.76 | 2,566.68 | 2,658.72 | 2,750.76 | 2,865.12 | 2,980.80 |
| Antibiotic | 5% | | M | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Internist | 5% | * | | | | | | | | | |
| Oncol./ Hematologist | 5% | * | | | | | | | | | |
| Dermatology | 5% | * | | | | | | | | | |
| PT | 4% | | M | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 | 5,351.20 |
| Pulley System | 4% | | | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 | 10.08 |
| Lymphedema Pump | 4% | | | 2,500.00 | 833.33 | 833.33 | 833.33 | 833.33 | 833.33 | 833.33 | 833.33 |
| Grab Bars | 4% | | | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 | 3.79 |
| Arm Bike | 4% | | | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 | 8.00 |
| Gloves | 4% | | | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 | 27.72 |
| Waterproof Sleeves | 4% | | | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 | 119.94 |
| Sleeves | 4% | | | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 | 600.00 |
| Gauntlet | 4% | | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Garmets | 4% | | | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 | 124.33 |
| Home Care | 4% | | M | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 | 32,648.00 |
| Nat'l Lymph. Network | 4% | | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Home Mods | 0% | | | | | | | | | | |
| Pain and Suffering | | | | | | | | | | | |
| Annual Totals | | | | 44,179.34 | 42,609.51 | 42,693.15 | 42,779.07 | 42,871.11 | 42,963.15 | 43,077.51 | 43,193.19 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($58,381.93) and pain and suffering ($200,000.00): $258,381.93.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.